**Order filed September 8, 2022**



# In The

# Eleventh Court of Appeals

_____

## No. 11-22-00239-CV

_____

## IN THE INTEREST OF R.C., J.C., AND E.C., CHILDREN

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CV2105176**

## O R D E R

On August 24, 2022, the father of the children filed a notice of accelerated appeal from a final order signed on June 23, 2022. When the appeal was filed in this court, we noted that the notice of appeal appeared to be untimely. *See* TEX. R. APP. P. 26.1(b). Appellant has filed in the trial court (1) a request for permission to file an out-of-time appeal; (2) a document in which he explains that the district clerk did not send him any notice of the final order until July 22, 2022, and that he did not receive notice of the order until August 24; and (3) a motion to withdraw as counsel. *See* TEX. R. CIV. P. 306a; *see also* TEX. R. APP. P. 6.5, 26.1(b). We abate this appeal.

Tex. R. Civ. P. 306a provides that, if within twenty days after a judgment is signed, a party adversely affected by it has neither received the required notice nor acquired actual knowledge of the judgment, the appellate deadlines shall begin to run from the date that such party received notice or acquired actual knowledge of the rendition of judgment. Tex. R. Civ. P. 306a.4; *see also* Tex. R. App. P. 4.2(a). In order to establish the application of the rule, the adversely affected party must "prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." Tex. R. Civ. P. 306a.5; *see also* Tex. R. App. P. 4.2(b). After hearing the motion, the trial court shall sign a written order indicating the date when the party first received notice or acquired actual knowledge of the signing of the judgment. Tex. R. App. P. 4.2(c).

Appellant has not presented this court with any finding by the trial court reflecting the date that he received notice or acquired actual knowledge of the June 23 order. We abate this appeal to provide Appellant an opportunity to obtain the requisite findings from the trial court and for the trial court to determine whether Appellant's counsel should be permitted to withdraw as counsel in this appeal. If these matters are pursued by Appellant in the trial court, the trial court clerk is directed to furnish the trial court's findings to this court on or before September 28, 2022.

The appeal is abated.

PER CURIAM

September 8, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.